UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

KENNETH McGRIFF, DENNIS CROSBY, ALVIN DEREK SMILEY, BARRY BROUGHTON, and RUSSELL ALLEN,

    Defendants.
------------------------------------------------------------x

**MEMORANDUM**
Case No. 04-CR-966 (S-7)

**BLOCK, Senior District Judge:**

    Defendant Kenneth McGriff ("McGriff") is being administratively detained in the Special Housing Unit ("SHU") of the Metropolitan Detention Center ("MDC"), ostensibly pending an investigation by the United States Bureau of Prisons ("BOP") into McGriff's alleged possession of subscriber identity module ("SIM") cards for cellular telephones. McGriff challenges the detention.

    On January 5, 2007, the Court held a hearing to determine whether the detention violates McGriff's constitutional rights under *Bell v. Wolfish*, 441 U.S. 520 (1979), which holds that a condition or restriction of pretrial detention violates due process if it is "punitive," because "under the Due Process Clause, a [pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id.* at 535. At the conclusion of that hearing, the Court ordered on the record BOP to release McGriff from administrative detention and return him to general population, stayed the order until Monday, January 8th, at 12 o'clock noon, and stated that a written memorandum would follow.

    1.    While BOP contends that because McGriff has not been released on bail, the Court lacks jurisdiction to monitor the conditions of his confinement under the Bail Reform Act of

1984 ("BRA"), 18 U.S.C. §§ 3141-3150, this contention ignores the Court's jurisdiction to entertain a *habeas* petition challenging the conditions of pretrial confinement. *See* 28 U.S.C. § 2241; *United States v. Basciano*, 369 F. Supp. 2d 344, 348 (E.D.N.Y. 2005) ("The courts of this circuit consistently have held that a habeas petition is the appropriate vehicle for prisoners challenging their placement in pretrial administrative detention and seeking release into general population." (collecting cases)). McGriff's request that the Court order his release from administrative detention is deemed such a petition.

    2. A *habeas* petition is not subject to the administrative exhaustion requirement of the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), *see Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); instead, it is subject to the judicially-created requirement that "federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief." *Id.* (citing *Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir. 1979)). A court may, however, dispense with the exhaustion requirement "if it appears that an administrative appeal would be futile, or because the appeals process is shown to be inadequate to prevent irreparable harm to the defendant." *Basciano*, 369 F. Supp. 2d at 348 (citing *Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995)); *cf. Hemphill v. New York*, 380 F.3d 680, 686 ("The court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements [of the PLRA]." (citations and internal quotation marks omitted)).

    McGriff's challenge to his administrative detention was prompted by his concern that conditions in the SHU would disrupt his ability to prepare for and participate in his defense; the administrative appeals process simply cannot run its course before trial begins on January 8th. While McGriff might have initiated the administrative process sooner, he had no reason to do so:

2

On September 26, 2006, BOP offered the facially plausible explanation that he was being detained pending the investigation of his unauthorized possession of SIM cards; McGriff should not be punished for relying on BOP's *bona fides* until his counsel learned, through their own efforts, that no investigation had taken place. *Cf. Abney v. McGinnis*, 380 F.3d 663, 669 (2d Cir. 2004) (prisoner's failure to satisfy PLRA's exhaustion requirement excused where prisoner did not discover that favorable administrative ruling was not being implemented until after time to appeal had expired). Accordingly, McGriff's failure to pursue administrative remedies is excused.

3. On the merits, the Court does not question that BOP may place a detainee in administrative detention for a reasonable amount of time while it investigates a possible violation of its rules; however, BOP must surely pursue the investigation with reasonable dispatch to insure that the detention lasts no longer than necessary. Here, by contrast, BOP simply turned the SIM cards over to the U.S. Attorney's office without informing McGriff that the reason for his detention had changed. *Compare* 28 C.F.R. § 541.22(a)(2) (authorizing administrative detention "pending an investigation of a violation of [BOP] regulations") *with id.* § 541.22(a)(3) (authorizing administrative detention "pending investigation or trial for a criminal act"). BOP then made no effort to follow up on the status of the U.S. Attorney's investigation; whether the resulting delay is attributable to BOP or the U.S. Attorney's office, it certainly is *not* attributable to McGriff.

Nor does the Court doubt that an investigation, more promptly pursued, might have uncovered other circumstances warranting either continued administrative detention or even punitive detention for a violation of BOP rules.[1] But what the BOP may *not* do is leave McGriff in indefinite administrative detention based on a belief that further investigation might warrant further detention,

---

[1] Again, however, McGriff would be entitled to notice of a change in the reason for his detention so that he can meaningfully challenge it.

3

and then fail to pursue that investigation.

At the January 5th hearing, the Court gave BOP an opportunity to explain its investigative efforts since December 5th, when it learned that the U.S. Attorney's office was not pursuing a criminal investigation. BOP's response was simply the conclusory allegation that the investigation was "complex," and that it was still in the process of retrieving information from the SIM cards; neither BOP nor the Government offered sufficient reasons to justify keeping McGriff administratively detained for more than three months. Having failed to pursue its collective investigations with due diligence, BOP and the Government cannot rely on them as a basis for keeping McGriff in administrative detention.

In sum, McGriff's continued administrative detention is not "rationally . . . connected" to the SIM card investigation, and is "excessive in relation to" that purpose. *Bell*, 441 U.S. at 538 (citation and internal quotation marks omitted). The Court must therefore conclude that the detention is exactly the type of "punitive" detention that *Bell v. Wolfish* prohibits.

/signed/
───────────────────────
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 8, 2007

4